IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00087-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with regard to Defendant's Motion for Clarification, filed on June 1, 2015 [DE-131]. Defendant filed a Motion for Return of Property on February 20, 2015 [DE-106]. The court first held a hearing on Defendant's motion on April 27, 2015, which was recessed until May 27, 2015, to allow Defendant time to subpoena witnesses. The hearing was then reconvened and concluded on May 27, 2015, where the court took the matter under advisement. The court has allowed each party three weeks from the conclusion of the hearing to submit supplemental briefing or affidavits in this matter. May 27, 2015 Order [DE-128].

Defendant filed the instant motion for clarification, in which Defendant seeks to know whether he must file a motion to obtain a copy of the arrest warrant and report, and asks the court how he can obtain the assistance of a handwriting expert. Def.'s Mot. [DE-131] at 1. To the extent that Defendant is asking the court to order the Government to provide any evidence to Defendant or to appoint an expert, Defendant's request is denied. Defendant was given additional time to provide the court with further evidence or legal arguments if he desires. This evidence might include, for example, written affidavits from witnesses Defendant attempted to subpoena to testify during the hearing. This additional time period is not intended to conduct further discovery or seek further information from the Government. Further, the arrest warrant

and report are not germane to Defendant's motion for return of property, where the only issue for resolution is the amount of money seized from Defendant at the time of his arrest. Additionally, Defendant's argument as to inconsistent handwriting was fully made and developed during the hearing, and the court sees no reason to provide expert testimony on this issue.

SO ORDERED, this the 4 day of June 2015.

Robert B. Jones, Jr.
United States Magistrate Judge

2

Case 4:11-cr-00087-FL Document 133 Filed 06/04/15 Page 2 of 2