IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-87-FL-1
No. 4:15-CV-207-FL

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion for return of property (DE 169) and motion for discovery (DE 170), to which the government has filed responses in opposition.[1] For the following reasons, the instant motions are denied.

A.  Motion to Return Property

In his motion to return property, petitioner seeks $5000.00 in currency, which he alleges former police officer Rose Edmonds ("Edmonds") took from the bedroom of a residence at 4829 Greenpine Road in Farmville, North Carolina, on December 3, 2010, which currency petitioner asserts was not forfeited. This court previously conducted evidentiary hearings on April 27, 2015, and May 27, 2015, on the basis of motion supported by affidavit of petitioner, upon which the court determined that $337.00 was seized from defendant on December 3, 2010, and was not forfeited. The court determined that additional amounts claimed were not supported by the record. (See DE 146). Thereupon, the court ordered $337.00 returned to defendant. (See id.). In addition, this court previously dismissed a civil suit for failure to state a claim where plaintiff alleged in part that

---

[1] Also pending before the court are petitioner's motion to vacate under 28 U.S.C. § 2255, motion to continue, and motion to supplement, as well as the government's motion to dismiss (DE 149, 154, 159, 160), which motions have been held in abeyance pending the Supreme Court's final decision in Beckles v. United States, 15-8544. (See DE 168).

Edmonds took $5000.00 from his home improvement business. (See No. 4:13-CV-101-FL, DE 11, 12).

> Rule 41 (g) of the Federal Rules of Criminal Procedure provides, in relevant part, that:
>
> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The instant motion seeks in effect to reopen proceedings on petitioner's prior motion for return of property, which the court thoroughly addressed through evidentiary hearings and orders, following extensive submissions from the parties and evidentiary proffers. Where the matter of return of property fully was litigated through such proceedings, petitioner has not now provided any basis for relitigation of the issues therein presented. Petitioner's assertions in support of the present motion are conclusory and lacking in evidentiary support, such as affidavits offered in support of petitioner's prior motion for return of property. Accordingly, petitioner's motion for return of property is denied.

B.     Motion for Discovery

In his motion for discovery, petitioner seeks discovery regarding an allegedly illegal "trash pull" on November 24, 2010, for purposes of supplementing his claims in his 2255 petition. Petitioner seeks unspecified lab reports from the trash pull. He also seeks 25 documents with handwriting of detective Adams, so that he can provide such documents to a handwriting expert for analysis.

Under 28 U.S.C. § 2255(a), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon." Rule 6 of the Rules

2

Case 4:11-cr-00087-FL   Document 173   Filed 08/24/16   Page 2 of 3

Governing § 2255 Proceedings specifies that the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."

It appears that petitioner is seeking discovery to support § 2255 claims challenging the trial court's denial of his motion to suppress. Where petitioner unsuccessfully sought to raise this issue on appeal, petitioner has not demonstrated that he can overcome a procedural bar to such claims. See United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013). Such procedural bar subjects such claims to dismissal on the basis of the files and records of the case. See id.; 28 U.S.C. § 2255(a). Accordingly, petitioner has not demonstrated entitlement to discovery in support of his § 2255 claims.

## CONCLUSION

Based on the foregoing, petitioner's motion for return of property (DE 169) and motion for discovery (DE 170) are DENIED.

SO ORDERED this the 24th day of August, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge