IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-87-FL-1
No. 4:15-CV-207-FL

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner's motion for reconsideration (DE 188). The issues raised are ripe for ruling. For the reasons that follows, the court denies petitioner's motion.

## BACKGROUND

For ease of reference, a pertinent portion of the background of the case set forth in the court's July 17, 2017 order is restated here:

> On April 18, 2012, petitioner pleaded guilty to the following: conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 (Count One); distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) (Count Two); distribution of a quantity of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three); and possession with intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four).
>
> On November 7, 2013, this court sentenced petitioner to 211 months imprisonment on each of Counts One through Four, with the terms to be served concurrently. Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed this court's judgment. See United States v. Rodgers, 595 F. App'x 196 (4th Cir. 2014) (per curiam). Petitioner did not file a petition for certiorari with the Supreme Court.
>
> On December 28, 2015, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that: 1) this court erred by denying his motion to suppress; 2) in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct.

> 2551 (2015), he no longer qualifies as a career offender; 3) his guilty plea was not knowingly and voluntarily entered; 4) trial counsel provided ineffective assistance of counsel by advising him to enter into a guilty plea; 5) appellate counsel provided ineffective assistance of counsel by failing to raise certain arguments and file a petition for rehearing en banc; 6) trial counsel provided ineffective assistance of counsel at the suppression hearing; and 7) this court erred in calculating his advisory guideline range. . . .
>
> On March 14, 2016, petitioner filed a motion to supplement, seeking to add a claim of prosecutorial misconduct . . . . On July 3, 2017 petitioner filed a reply.

On July 17, 2017, this court denied petitioner's motion to vacate, dismissing petitioner's first and third claims because they had previously litigated on direct appeal; dismissing petitioner's second claim because following the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886, 894 (2017), petitioner's status as a career offender is not subject to this type of constitutional challenge; dismissing petitioner's fourth, fifth, and sixth claims for not satisfying the two-prong test under Strickland v. Washington, 466 U.S. 668, 687 (1984); dismissing petitioner's seventh claim because challenges to the advisory guidelines range is not cognizable on collateral review; and dismissing petitioner's added claim of prosecutorial misconduct for failure to state a claim. On July 26, 2017, petitioner filed the instant motion for reconsideration, asserting the same arguments previously made by petitioner to the court in his December 28, 2015 motion, March 14, 2016 supplement, and July 3, 2017 reply.

A Rule 60(b) motion that "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," is a second or successive § 2255 petition. See Gonzales v. Crosby, 545 U.S. 524, 532 (2005); United States v. McRae, 793 F.3d 392, 397 (4th Cir. July 13, 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition.") (internal quotation omitted). "Before a second or successive

2

application [under § 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not demonstrated that he sought authorization from the Fourth Circuit Court of Appeals to file a successive application. Accordingly, petitioner's § 2255 claim must be dismissed.

## CONCLUSION

Based on the foregoing, petitioner's motion (DE 188) is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of November, 2017.

                                                                                 LOUISE W. FLANAGAN
                                                                                  United States District Judge