IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-87-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| TORRICK JOHNTRELLE RODGERS, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion for home confinement or compassionate release, (DE 211). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On April 18, 2012, defendant pleaded guilty to the following offenses: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846; distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1); distribution of a quantity of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 2; and possession with intent to distribute 28 grams or more of cocaine base, a quantity of cocaine, and aiding and abetting same, in violation of 21 U.S.C. §§ 841(a)(1) and 2. On November 7, 2013, the court held defendant's sentencing hearing. Defendant's presentence report concluded that the advisory Guidelines sentencing range was 262 to 327 months' imprisonment, based in part on defendant's designation as a career offender. Ultimately, the court sentenced defendant to 211 months' imprisonment. Defendant appealed, and the Fourth Circuit affirmed the judgment. On March 2, 2020, defendant filed

motion to vacate, set aside, or correct his sentence, which is currently pending response from the government.

On May 7, 2020, defendant filed the instant motion for compassionate release or home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant requests compassionate release or home confinement based on his risk of contracting the communicable disease known as COVID-19. Defendant represents that he suffers from hypertension, which places him at risk of severe complications if he contracts COVID-19.

## DISCUSSION

The general rule is a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary circumstances. Federal defendants can file motions for compassionate release in their sentencing courts "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See 18 U.S.C. § 3582(c)(1)(A); First Step of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. The court may grant the motion and reduce the defendant's sentence if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[1]

Here, defendant admits that he did not exhaust administrative remedies prior to filing the motion. Contrary to defendant's position, the court is not authorized to "waive" or otherwise excuse his failure to exhaust. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); cf. Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes.").

Even assuming defendant exhausted administrative remedies, he is not entitled to compassionate release at this time. The presence of COVID-19 in the federal prison system standing alone does not constitute extraordinary and compelling circumstances justifying compassionate release. See Raia, 954 F.3d at 597. Defendant argues that he is susceptible to severe COVID-19 disease because he has been diagnosed with hypertension. Defendant, however, has not presented any evidence supporting this claim. The court will not grant compassionate release based solely on defendant's unsupported assertions and where defendant has not event attempted to exhaust administrative remedies.

To the extent defendant seeks a court order directing the FBOP to place him on home confinement, the court lacks authority to grant such relief. The FBOP has exclusive authority to determine an inmate's place of imprisonment, including home confinement, and placement decisions are "not reviewable by any court." See 18 U.S.C. § 3621(b); United States v. Caudle, 740 F. App'x 364, 365 (4th Cir. 2018).

---

[1] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

3

Based on the foregoing, defendant's motion for compassionate release, (DE 211), is DENIED WITHOUT PREJUDICE. The motion is DENIED to the extent defendant requests an order directing FBOP officials to place him in home confinement.

SO ORDERED, this the 19th day of June, 2020.

LOUISE W. FLANAGAN
United States District Judge