IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:11-CR-87-FL-1

| | | |
|---|---|---|
| TORRICK JOHNTRELLE RODGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 204), for compassionate release (DE 230), and to correct inmate central file (DE 231). The matter also is before the court on respondent's motion to dismiss the § 2255 motion (DE 227). Petitioner responded in opposition to respondent's motion to dismiss, and respondent did not respond to the motions for compassionate release or to correct inmate central file. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

On April 18, 2012, petitioner pleaded guilty without a plea agreement to the following offenses: conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (count one); distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count two); distribution of a quantity of cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 2 (count three); and possession with intent to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) (count four). On November 7, 2013, the court held petitioner's sentencing hearing. Petitioner's advisory

Guidelines range was 262 to 327 months' imprisonment, based in part on his designation as a career offender. (Sent'g Tr. (DE 96) 22:7-23:9).[1] The career offender designation, in turn, was based on petitioner's prior North Carolina convictions for conspiracy to discharge a weapon into occupied property and selling cocaine.[2] (PSR (DE 81) ¶¶ 13, 15; Sent'g Tr. (DE 96) 14:17-17:6). Ultimately, the court sentenced petitioner to 211 months' imprisonment on all counts, five years' supervised release on counts one and four, and three years' supervised release on counts two and three, with all such terms to run concurrently. Petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the judgment.

Petitioner, proceeding with court-appointed counsel, filed the instant motion to vacate on March 2, 2020, arguing that his North Carolina conviction for conspiracy to discharge a weapon into occupied property recently was vacated in state court. As relief, petitioner requests resentencing without the career offender designation. Respondent filed the instant motion to dismiss on October 1, 2010, which was briefed fully. On December 4, 2020, petitioner filed the instant pro se motion for compassionate release, raising concerns about his risk of contracting the communicable disease known as COVID-19. On January 21, 2021, petitioner filed the instant pro se motion to correct inmate central file. As noted above, respondent did not respond to

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

[2] At the time of petitioner's sentencing, the Sentencing Guidelines provided that a defendant can be designated a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a control substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (Nov. 2013).

petitioner's pro se motions.

## COURT'S DISCUSSION

A.   Motion for Compassionate Release

The court begins with petitioner's motion for compassionate release. With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239. The court may reduce petitioner's term of imprisonment if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

Here, petitioner admits that he did not exhaust administrative remedies prior to filing the instant motion for compassionate release. (Pet'r's Mot. (DE 230) at 2-3). Accordingly, the motion is denied without prejudice to petitioner completing the administrative exhaustion procedures mandated by statute. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); cf.

---

[3]   The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to petitioner.

Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes . . . establish mandatory exhaustion regimes."). Furthermore, as set forth below, the court will vacate petitioner's sentence and set this matter for resentencing. At that time, petitioner may argue that his risk of contracting COVID-19 supports a mitigated sentence.

B.      Motion to Vacate

The court now turns to petitioner's motion to vacate his sentence based on vacatur of one of the state convictions used to designate him a career offender. A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

The United States Supreme Court has explained that where a petitioner "is successful in attacking [his] state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences." Custis v. United States, 511 U.S. 485, 497 (1994); see also Daniels v. United States, 532 U.S. 374, 382 (2001). The Fourth Circuit similarly has noted that if a petitioner "succeeds in a future collateral proceeding in overturning his [state] conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction." United States v. Bacon, 94 F.3d 158, 161 n.3 (4th Cir. 1996). Vacatur or modification of the prior state judgment of conviction, however, is not standing alone sufficient to

4

grant habeas relief. See United States v. Pettiford, 612 F.3d 270, 278 (4th Cir. 2010). Rather, petitioner must establish that in light of the modified or vacated state judgment his sentence now "is unlawful on one of the specified grounds" set forth in § 2255(a). Id.

Here, petitioner does not argue that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law. See 28 U.S.C. § 2255(a). The question presented is whether petitioner's advisory career offender designation, now rendered erroneous by the state court's vacatur of one of the predicate convictions, is "otherwise subject to collateral attack."[4] 28 U.S.C. § 2255(a). The court begins by summarizing the relevant law bearing on this issue.

In United States v. Foote, the Fourth Circuit determined that the "otherwise subject to collateral attack" language requires a showing that the claimed error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." 784 F.3d 931, 936 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Fourth Circuit explained that "the miscarriage of justice exception in this context has historically been 'tied . . . to the petitioner's innocence.'" Id. at 940 (citing Schlup v. Delo, 513 U.S. 298, 321 (1995); United States v. MacDonald, 641 F.3d 596, 610-11 (4th Cir. 2011); Wolfe v. Johnson, 565 F.3d 140, 160 (4th Cir. 2009)). Because the Foote petitioner challenged his advisory career offender designation on the basis that his prior convictions no longer qualified as predicate controlled substance offenses under current Fourth Circuit law, he could not demonstrate actual innocence or a miscarriage of

---

[4] The government does not contest that petitioner no longer qualifies for the career offender enhancement based on vacatur of the state conviction. (See Resp't's Mem. (DE 228) at 9). The government also does not raise the statute of limitations or procedural defenses to consideration of petitioner's motion. (See generally id.).

5

justice. Id. at 939-41. Thus, under Foote, "a [legal] challenge to one's change in career offender status, originally determined correctly under the advisory Guidelines, is [not] cognizable on collateral review." Id. at 939.

The Fourth Circuit, however, has not addressed in a published opinion whether a claim challenging an advisory Guidelines calculation based on vacatur of a state conviction is cognizable under § 2255(a). See id. at 940 (noting "[t]he federal conviction that brought Appellant to court in the first place and the state convictions used to enhanced his sentence have not been invalidated or vacated; thus it is difficult to place Appellant's case within the ambit of [decisions holding claims of actual innocence are cognizable on collateral review]"); id. at 932 (noting "neither Appellant's federal offense of conviction nor his state convictions qualifying him as a career offender have been vacated"). In the context of the mandatory Guidelines, the Fourth Circuit has held that if the prior state conviction was vacated on grounds of actual innocence the claim is cognizable provided that the vacated state conviction was used to enhance the sentence. See United States v. Maybeck, 23 F.3d 888, 892-93 (1994); see also Pettiford, 612 F.3d at 283-84 (explaining that "actual innocence [in the context of federal habeas review] applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes").

In an unpublished opinion, the Fourth Circuit held that a petitioner who obtains vacatur of the state conviction used to enhance his federal sentence, and then challenges the federal sentence under § 2255, presents a cognizable claim. United States v. Dorsey, 611 F. App'x 767, 769-70

6

(4th Cir. 2015). The court rejected the government's argument the claim was not cognizable because the petitioner challenged an advisory Guidelines calculation, reasoning,

> The Government argues that [the petitioner's] challenge to the calculation of his sentence is not cognizable in a § 2255 proceeding, citing United States v. Pregent, 190 F.3d 279 (4th 1999). In Pregent, this court held that "[b]arring extraordinary circumstances ... an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." Here, unlike in Pregent, the Guidelines calculation was not erroneous at the time [petitioner] was sentenced. Rather, [petitioner's] Guidelines calculation was not affected until his state conviction was later vacated. Cf. United States v. Foote, 784 F.3d 931, 932, 941 (4th Cir.2015) ("Neither Appellant's federal offense of conviction nor his state convictions qualifying him as a career offender have been vacated".... "[I]t is clear that 'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence, and Appellant has not been proven 'actually innocent' of any of his prior convictions.").

Id. at 770.

Finally, the Supreme Court has suggested in dicta that petitioner's claim is cognizable. In Johnson v. United States, the Supreme Court considered whether a claim challenging a career offender designation based on a subsequently-invalidated state conviction was filed within the § 2255 statute of limitations. 544 U.S. 295, 298 (2005). Although the Court concluded the claim was untimely under the particular facts of that case, the Court acknowledged the parties' agreement that "if [the petitioner] filed his § 2255 in time, he [would be] entitled to federal resentencing now that the State has vacated one of the judgments supporting his enhanced sentence." Id. at 300-03. The Court explained that the "assumption" and "premise" of its prior cases was "that a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." Id. at 303-04 (citing Custis, 511 U.S. at 497; Daniels, 532 U.S. at 381). Although the Supreme Court's discussion of the Johnson petitioner's claim is dicta, the Fourth Circuit generally "give[s] great weight" to Supreme Court dicta particularly where, as here, such dicta has not been called into question by a subsequent Supreme Court case. See NLRB v. Bluefield Hosp.

7

Co., LLC, 821 F.3d 534, 541 n.6 (4th Cir. 2016) (citing McCravy v. Metro. Life Ins. Co., 690 F.3d 176, 182 n.2 (4th Cir. 2012); United States v. Fareed, 296 F.3d 243, 246 (4th Cir. 2002)); see also Cuevas v. United States, 778 F.3d 267, 272-73 (1st Cir. 2015) ("We are particularly inclined to treat the Johnson dicta as authoritative since, were it not accurate, the Johnson opinion would have been a largely theoretical exercise. The statute of limitations issue would have been irrelevant if Johnson's claim were not cognizable in a § 2255 proceeding in the first place.").

Based on the foregoing, the court must determine whether the vacatur of the state conviction used to designate petitioner a career offender presents "a fundamental defect which inherently results in a complete miscarriage of justice." Foote, 784 F.3d at 936; see also Cuevas, 778 F.3d at 271 (noting the court should look to the particular facts of the vacatur to determine whether the facts are "sufficient exceptional" to justify habeas relief under § 2255(a)). In November 2019, petitioner filed motion for appropriate relief ("MAR")[5] in state court challenging his 1997 North Carolina conviction for conspiracy to discharge a weapon into occupied property. (Pet'r's Resp. Ex. 3 (DE 229-3) at 1). The MAR court granted the motion and vacated the conviction because petitioner was not formally charged with conspiracy to discharge a weapon into occupied property in the charging instrument and therefore the state court lacked jurisdiction to impose a sentence. (Pet'r's Mot. Ex. A (DE 204-1) at 2-4). The state prosecutor then dismissed the offense charged in the indictment, substantive discharging of a weapon into occupied property, based on the foregoing: 1) "there is insufficient evidence to prosecute the defendant in these matters due to the age of the case"; 2) "the defendant has completed his sentence in this

---

[5] A motion for appropriate relief is the procedural vehicle for obtaining post-conviction relief in North Carolina. See N.C. Gen. Stat. § 15A-1415; Minter v. Beck, 230 F.3d 663, 664 (4th Cir. 2000).

8

case"; and 3) "the defendant's brother has taken full responsibility for the offense." (Id. at 7).

Because petitioner was never formally charged with conspiracy to discharge a weapon into occupied property, the state court lacked jurisdiction to accept his guilty plea or sentence him and his conviction is considered a "nullity" under North Carolina law. McClure v. State, 267 N.C. 212, 215 (1966); (see also Pet'r's Mot. Ex. A (DE 204-1) at 2-4). The vacatur of petitioner's conviction therefore "nullified" the conviction and renders petitioner actually innocent of conspiracy to discharge a weapon into occupied property. See United States v. Muhammad, 478 F.3d 247, 250 (4th Cir. 2007) ("[W]e vacated [the appellant's] original sentence and remanded for resentencing . . . . As a result, the prior sentencing proceedings were nullified . . . ."); United States v. Martin, 378 F.3d 353, 358 (4th Cir. 2004) ("'Vacate' means '[t]o render an act void; as, to vacate an entry of record, or a judgment.' And a judgment that is 'void,' as opposed to one that is merely 'voidable,' 'is nugatory and ineffectual so that nothing can cure it.'" (quoting Black's Law Dictionary 1548, 1573 (6th ed. 1990)); cf. Pepper v. United States, 562 U.S. 476, 507 (2011) (explaining vacatur of a sentence "wipe[s] the slate clean").

Where the state conviction was vacated because the state court lacked jurisdiction to impose it, the conviction established petitioner's status as a career offender, and removal of the conviction will significantly alter the Guidelines range, (see Resp't's Mem. (DE 228) at 9), the court finds that maintaining a career offender enhancement based on this conviction presents a fundamental defect which inherently results in a complete miscarriage of justice. See Johnson, 544 U.S. at 303-04 (suggesting petitioner who obtained vacatur of his state conviction based on invalid guilty plea because he had not knowingly, intelligently, and voluntarily waived the right to counsel may then challenge his career offender designation based on the now-vacated conviction

9

under § 2255); Maybeck, 23 F.3d at 892-93 (holding petitioner may challenge career offender designation based on claim that he is actually innocent of one of the predicate convictions); Dorsey, 611 F. App'x at 769-70 (holding petitioner who obtained vacatur of state conviction may challenge his federal sentence under § 2255); see also Foote, 784 F.3d at 936 n.5 (explaining that Johnson "reinforces the notion that cognizability is an easier question if an earlier conviction is actually vacated").[6]

To the extent respondent argues that petitioner cannot obtain review of any advisory Guidelines sentence in a § 2255 proceeding, the court finds no basis in Supreme Court or Fourth Circuit law supporting that broad proposition. As noted above, the Fourth Circuit has expressly held in an unpublished opinion that challenges to an advisory Guidelines calculation based on vacated state convictions are cognizable on collateral review. Dorsey, 611 F. App'x at 769-70; see also Cuevas, 778 F.3d at 271 (holding that challenge to advisory career offender designation based on vacated state conviction is cognizable under § 2255 provided the underlying facts present "exceptional circumstances"). Respondent's reliance on Foote is misplaced where Foote proscribes legal challenges to application of the advisory Guidelines under § 2255, but does not address whether vacated state convictions can support a cognizable § 2255 challenge to an advisory Guidelines determination. 784 F.3d at 932, 941.

Accordingly, the court will grant the § 2255 motion, vacate petitioner's sentence, and set

---

[6] Respondent argues the claim is not cognizable under § 2255 because the state conviction was vacated based on an asserted "technicality" in the state court proceedings: the state prosecutor neglected to file superseding indictment (or similar charging instrument) charging petitioner with the conspiracy offense prior to petitioner's plea hearing and sentencing. (Resp't's Mem. (DE 228) at 5-7). As discussed above, the effect of this error rendered the state court without jurisdiction to accept the guilty plea, enter judgment, or sentence petitioner. (See Pet'r's Mot. Ex. A (DE 204-1) at 2-4); McClure, 267 N.C. at 215. Contrary to respondent's argument, the court finds these facts rise to the level of "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Foote, 784 F.3d at 936 (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

10

this matter for resentencing.

C.      Motion to Correct Inmate Central File

Finally, petitioner moves to correct his Federal Bureau of Prisons ("FBOP") inmate central file to reflect that his state conviction was vacated. In light of the pending resentencing and forthcoming modification to the presentence report, this motion is denied as moot. Petitioner can present the modification to the presentence report to FBOP officials in order to obtain correction of his central file.

## CONCLUSION

Based on the foregoing, petitioner's motions for compassionate release (DE 230) and to correct inmate central file (DE 231) are DENIED without prejudice. Respondent's motion to dismiss (DE 227) also is DENIED. Petitioner's motion to vacate his sentence (DE 204) is GRANTED, and petitioner's sentence is VACATED in its entirety. Petitioner's convictions on counts one through four remain valid. The clerk is DIRECTED to schedule this matter for resentencing at the next available regularly scheduled term of court. United States Probation is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties a modification to the presentence investigation report, including recalculation of petitioner's Guidelines range in light of the vacatur of petitioner's state conviction in paragraph 13 of the original PSR, within **seven days** of the date of resentencing.

SO ORDERED, this the 2nd day of February, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge