IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-87-1FL
No. 4:23-CV-201-FL

| | |
|---|---|
| TORRICK JOHNTRELLE RODGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondant. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 272, DE 275), and government's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 282). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Kimberly A. Swank issued a memorandum and recommendation ("M&R"), recommending that the government's motion to dismiss be granted and petitioner's § 2255 motion dismissed. Petitioner filed objections (DE 288), and in this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R and grants the government's motion to dismiss.

BACKGROUND

Petitioner pleaded guilty without a plea agreement April 18, 2012, to drug distribution charges arising from a multi-agency narcotics investigation in Pitt County, North Carolina, which included two trash pulls conducted on November 24 and December 3, 2010, and the subsequent execution of a state search warrant at petitioner's residence. (Rule 11 Tr. (DE 98); see PSR (DE

81) ¶¶ 6–8).[1]  Prior to his arraignment, petitioner moved to suppress evidence recovered during the search, arguing the warrant affidavit lacked probable cause and relied on evidence obtained in violation of the Fourth Amendment.  (Mot. Suppress (DE 19)).  The motion was denied following an evidentiary hearing.  (M&R (DE 30); Order (DE 42)).

At sentencing, the court applied a career offender enhancement, calculated a guidelines range of 262 to 327 months, and imposed a sentence of 211 months' imprisonment and five years' supervised release.  (Sentencing Tr. (DE 96) at 22; J. (DE 85) at 3).  The United States Court of Appeals for the Fourth Circuit affirmed his conviction on appeal, holding that petitioner's unconditional guilty plea waived direct review of the suppression ruling.  United States v. Rodgers, 595 F. App'x 196, 199–200 (4th Cir. 2014).  In 2015, petitioner filed an initial motion to vacate pursuant to 28 U.S.C. § 2255 based on Johnson v. United States, 576 U.S. 591 (2015).  (Mot. Vac. (DE 149) at 8).  The court denied the motion and entered judgment July 17, 2017.  (Order (DE 186); J. (DE 187); see also DE 193).

In 2020, petitioner filed a second motion under § 2255 after a predicate conviction supporting his career offender designation was vacated.  (Mot. Vac. (DE 204)).  The court granted relief and resentenced petitioner in August 2021 to time served, with the same five-year term of supervised release.  (Order (DE 232); Am. J. (DE 252)).  Petitioner appealed, but the Fourth Circuit dismissed the appeal upon his voluntary motion.  (Order (DE 267); 4th Cir. Mandate (DE 268)).

On December 6, 2023, petitioner filed the instant motion to vacate his conviction (DE 272), followed by a corrected version on December 19, 2023 (DE 275), asserting newly discovered evidence, prosecutorial misconduct, and ineffective assistance of trial and resentencing counsel.

---

[1] Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

Petitioner also filed a motion to compel the government to produce alleged exculpatory evidence (DE 276), based on a 2023 interview with sanitation worker Carl Massey ("Massey") and a written statement by Charlene Evans, tenant of the searched residence. Petitioner contends that Massey's statements contradict the warrant affidavit's description of the trash pull and that law enforcement failed to disclose or destroyed favorable evidence, rendering his guilty plea involuntary.

The government filed the instant motion to dismiss under Rule 12(b)(6), asserting that the claims are untimely, procedurally barred by petitioner's guilty plea, and unsupported by the record. (Mot. Dismiss (DE 282)). The magistrate judge recommends dismissal, determining that petitioner failed to make the requisite showing under Franks v. Delaware, 438 U.S. 154 (1978), and that no violation occurred under Brady v. Maryland, 373 U.S. 83 (1963); further the magistrate judge denied petitioner's motion to compel the production of exculpatory evidence and rejected his request for an evidentiary hearing as unsupported. (M&R (DE 286) at 14). Petitioner filed objections to the M&R. (Obj. M&R (DE 288)).

## DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). It does not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."[2] Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely objection, the court reviews only for "clear error," and need not explain its reasoning for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

---

[2]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

3

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Petitioner objects to the magistrate judge's determination that he is not entitled to relief under Franks and urges that newly discovered evidence justifies reconsideration of the validity of the state search warrant executed at his residence December 3, 2010.[3] (Pet. Obj. (DE 288) at 2–4); see Franks, 438 U.S. at 155-56. In Franks, the Supreme Court established that a defendant may challenge the veracity of a facially valid warrant affidavit only where he first makes a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant." Franks, 438 U.S. at 155-56. Second, the defendant must demonstrate that the allegedly false statement was essential to the finding of probable cause. Id. The affidavit is presumed valid. Id. at 171.

To obtain a Franks hearing, a petitioner's showing must be "more than conclusory" and supported by "allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof." Id. Allegations of negligence or innocent mistake are insufficient, and "[t]he burden of making the necessary showing is thus a heavy one." United States v. Tate, 524 F.3d 449, 454 (4th Cir. 2008). That burden is even greater when the challenge rests on alleged omissions rather than affirmatively false statements. A warrant affidavit "cannot be expected to include every piece of information gathered in the course of an investigation," and even intentional omissions do not warrant a hearing unless they were made with the purpose to mislead. Id. at 454–55.

---

[3] For those additional parts of the analysis in the M&R not subject of specific objection, finding no clear error, the court adopts the magistrate judge's recommendation on the issues raised in the motion.

4

"To obtain a Franks hearing, [petitioner] must show that the omissions were designed to mislead, or made in reckless disregard of whether they would mislead," and further, that the omissions were material, that is, their inclusion would have defeated probable cause. United States v. Clenney, 631 F.3d 658, 664 (4th Cir. 2011).

Petitioner contends he is entitled to Franks relief based on newly obtained statements from Massey, which he claims contradict the affidavit's account of the December 3, 2010, trash pull and support a theory that law enforcement knowingly misled the issuing judge. (Pet. Obj (DE 288) at 2–4); Franks, 438 U.S. at 155-56. He further argues that Detective Kenneth Adams's ("Adams") description knowingly conducted a second trash pull based on information obtained during an illegal first search, making the second search dependent under Murray v. United States, 487 U.S. 533 (1988), and that the court failed to apply the independent source doctrine properly. (Pet. Obj (DE 288) at 2–4, 6; United States v. Hill, 776 F.3d 243 (4th Cir. 2015); Murray, 487 U.S. at 543–44). Petitioner also alleges that law enforcement destroyed a favorable witness statement and failed to disclose exculpatory material in violation of Brady. (Pet. Obj (DE 288) at 2, 4–5). Additionally, petitioner raises an ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), asserting that counsel failed to challenge these constitutional violations and improperly calculated drug quantity at sentencing. (Pet. Obj (DE 288) at 2, 4, 7; Strickland, 466 U.S. at 687–88). He asserts actual innocence and requests vacatur and remand for a hearing. (Pet. Obj (DE 288) at 6-7). The court addresses each contention in turn.

1. Trash Pull, Warrant Affidavit, and the Franks Standard

Petitioner challenges the validity of the December 3, 2010, search of his residence, arguing that the affidavit in support of the state search warrant contained material misstatements and omissions. Specifically, petitioner alleges that newly obtained statements Massey contradict

5

Case 4:11-cr-00087-FL    Document 289    Filed 08/27/25    Page 5 of 12

Adams's description of the trash pull and support his request for a hearing pursuant to Franks. 438 U.S. at 155-56. (Pet. Obj. (DE 288) at 2–4). He contends the search was not independent of an earlier, unlawful trash pull conducted November 24, 2010, and that the December 3 collection was tainted as derivative of the initial Fourth Amendment violation. (Id. at 2).

Here, petitioner's claims rest largely on a July 21, 2023, interview with Massey, in which Massey confirmed he assisted in collecting trash from petitioner's residence on both November 24 and December 3, 2010. (Massey Interview (DE 272-11) at 3–7). Far from contradicting the affidavit, Massey affirmed that on December 3 he remained at the curb, and that an individual brought the trash container to the street for pickup, conduct consistent with Adams's testimony and the findings made at the suppression hearing. (Id. at 7–8; Suppression Hr'g Tr. (DE 36) at 19–20). Petitioner points to no evidence that Massey's statement was withheld from the defense during the original proceedings, nor does he identify any falsehood or reckless omission by Adams material to the issuing judge's determination.

Moreover, the magistrate judge credited the December 3 trash pull as lawfully conducted from the curb and found probable cause supported by independent sources, including historical drug evidence and surveillance reports. (M&R (DE 30) at 12–14). The court adopted those findings. (Order (DE 42)). Petitioner's present assertions fail to disturb that conclusion or satisfy the prerequisites of Franks.

To the extent petitioner seeks to relitigate the exclusion of the November 24 trash pull or argue that the December 3 pull was derivative thereof, the court has already held that the earlier pull was excluded and played no role in the probable cause analysis. United States v. Rodgers, No. 4:11-CR-87-1FL, 2012 WL 381705, at *5 (E.D.N.C. Feb. 6, 2012). Petitioner offers no new facts to disturb that conclusion, and Massey's statements do not materially contradict the

6

government's earlier representations or render the search constitutionally infirm.

Accordingly, petitioner fails to make the "substantial preliminary showing" required to justify a Franks hearing. Franks, 438 U.S. at 171; Clenney, 631 F.3d at 664.

2.  Procedural Default and the Guilty Plea

Even if the requisite showing was made under Franks, as petitioner urges, his claim would still fail because it is procedurally barred by his unconditional guilty plea. A voluntary guilty plea waives all non-jurisdictional defects occurring prior to the plea, including alleged violations of the Fourth Amendment and challenges to the validity of a search warrant. United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010).

Petitioner pleaded guilty on April 18, 2012, without a plea agreement. (Rule 11 Tr. (DE 98) at 2, 7, 16–17). During the Rule 11 colloquy, the court advised petitioner of the nature of the charges, the maximum penalties, and the constitutional rights he was waiving, including the right to challenge the admissibility of evidence at trial. (Id. at 3–11). Petitioner affirmed that no promises or threats induced his plea, and that he understood the consequences of pleading guilty. (Id. at 11–12). The court accepted the plea after finding it was knowing and voluntary. (Id. at 17–18). Petitioner did not enter a conditional plea under Rule 11(a)(2), nor did he preserve any right to appeal the court's denial of his pretrial suppression motion. See Bundy v. United States, 392 F.3d 641, 645 (4th Cir. 2004).

The Fourth Circuit subsequently confirmed that petitioner's guilty plea was unconditional and foreclosed appellate review of his suppression arguments. See United States v. Rodgers, 595 F. App'x 196, 199–200 (4th Cir. 2014). The law is well-settled that a valid guilty plea constitutes an admission of factual guilt and a waiver of any antecedent claims, including those rooted in alleged law enforcement misconduct. See Tollett v. Henderson, 411 U.S. 258, 267 (1973);

Moussaoui, 591 F.3d at 279.

Petitioner does not argue that ineffective assistance or government coercion rendered his plea involuntary. He instead contends that newly discovered evidence would have altered his plea decision. However, the alleged evidence, namely Massey's 2023 statements, was cumulative of information available at the time of the suppression hearing and plea. The record demonstrates petitioner's awareness of Massey's involvement and does not support his claim that any material facts were concealed or misrepresented by the government. (Suppression Hr'g Tr. (DE 36) at 4, 9; Mot. Compel (DE 276) at 1-2; see also Spencer Decl. (DE 282-1)).

Absent a showing that the plea itself was involuntary or constitutionally defective, petitioner's guilty plea forecloses review of his Fourth Amendment and evidentiary claims. Accordingly, his current motion fails as a matter of law

3. Brady Allegations and the Massey Statement

Petitioner also asserts that the government violated its obligations under Brady by failing to disclose a purportedly exculpatory written statement by Massey. According to petitioner, the government withheld or destroyed Massey's original document and failed to turn over material that, if disclosed, would have influenced his decision to pleading guilty. (Mot. Compel (DE 276) at 1-2; see Corrected Mot. Vacate (DE 275) at 3–6).

To establish a Brady violation, a petitioner must show that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defense, and (3) the suppression prejudiced the defendant. Strickler v. Greene, 527 U.S. 263, 281–82 (1999). Petitioner fails on all three.

First, the record refutes any suggestion that Massey's statement was suppressed by the prosecution. During the suppression hearing in November 2011, defense counsel acknowledged receiving a handwritten document from Massey in discovery and identified it to the court.

(Suppression Hr'g Tr. (DE 36) at 9). Petitioner was present in court during this exchange, and his counsel did not seek to introduce the document. (Id. at 4, 9; see also Ex. List (DE 24)). Petitioner was thus aware of Massey's involvement, and the document was not withheld by the government. See United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011) (There can be no Brady violation where the defendant knew of the evidence or where the evidence was available through the exercise of reasonable diligence.).

Second, petitioner fails to show that the Massey statement was materially favorable. Massey's 2023 interview confirms that on December 3, 2010, the trash can was placed at the curb by a resident before collection, consistent with Adams's affidavit and testimony. (Massey Interview (DE 272-11) at 7–8). The information neither contradicts the warrant nor impeaches the government's suppression hearing evidence. Petitioner's speculation that Massey's earlier statement might have been more favorable is insufficient. See United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010) (Brady does not require the government to produce evidence that is speculative or irrelevant.).

Third, petitioner cannot demonstrate prejudice. A valid guilty plea waives non-jurisdictional claims, including alleged Brady violations. Moussaoui, 591 F.3d at 285–86; United States v. Ruiz, 536 U.S. 622 (2002). Petitioner makes no credible showing that access to the document would have altered his plea decision. See United States v. Fisher, 711 F.3d 460, 468–69 (4th Cir. 2013) (finding plea invalid where an officer's criminal misconduct directly infected warrant affidavit). In contrast to Fisher, petitioner does not offer evidence of deliberate falsehoods or concealment by Adams, and no evidence undermines the affidavit's core facts or the court's prior rulings.

Accordingly, petitioner fails to demonstrate a violation under Brady, and his motion to

9

Case 4:11-cr-00087-FL     Document 289     Filed 08/27/25     Page 9 of 12

(Suppression Hr'g Tr. (DE 36) at 9). Petitioner was present in court during this exchange, and his counsel did not seek to introduce the document. (Id. at 4, 9; see also Ex. List (DE 24)). Petitioner was thus aware of Massey's involvement, and the document was not withheld by the government. See United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011) (There can be no Brady violation where the defendant knew of the evidence or where the evidence was available through the exercise of reasonable diligence.).

Second, petitioner fails to show that the Massey statement was materially favorable. Massey's 2023 interview confirms that on December 3, 2010, the trash can was placed at the curb by a resident before collection, consistent with Adams's affidavit and testimony. (Massey Interview (DE 272-11) at 7–8). The information neither contradicts the warrant nor impeaches the government's suppression hearing evidence. Petitioner's speculation that Massey's earlier statement might have been more favorable is insufficient. See United States v. Caro, 597 F.3d 608, 619 (4th Cir. 2010) (Brady does not require the government to produce evidence that is speculative or irrelevant.).

Third, petitioner cannot demonstrate prejudice. A valid guilty plea waives non-jurisdictional claims, including alleged Brady violations. Moussaoui, 591 F.3d at 285–86; United States v. Ruiz, 536 U.S. 622 (2002). Petitioner makes no credible showing that access to the document would have altered his plea decision. See United States v. Fisher, 711 F.3d 460, 468–69 (4th Cir. 2013) (finding plea invalid where an officer's criminal misconduct directly infected warrant affidavit). In contrast to Fisher, petitioner does not offer evidence of deliberate falsehoods or concealment by Adams, and no evidence undermines the affidavit's core facts or the court's prior rulings.

Accordingly, petitioner fails to demonstrate a violation under Brady, and his motion to

compel disclosure of Massey's prior statement is without merit.

    4.        Ineffective Assistance of Counsel

Petitioner also contends that both trial and resentencing counsel rendered ineffective assistance by failing to raise or adequately pursue arguments related to the suppression motion, including the validity of the November 24 and December 3, 2010, trash pulls, as well as by failing to challenge drug weight calculations or contest his classification as a career offender. (Corrected Mot. Vacate (DE 275) at 4–7; Obj. M&R (DE 288) at 4-8). To prevail on a claim of ineffective assistance, petitioner must satisfy the two-pronged test articulated in Strickland, 466 U.S. 668, by demonstrating (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.

Petitioner fails to show deficient performance. Trial counsel filed a pretrial motion to suppress challenging the warrant affidavit based on alleged Fourth Amendment violations, and vigorously examined the affiant during an evidentiary hearing. (Mot. Suppress (DE 19); Suppression Hr'g Tr. (DE 36)). The court denied the motion based on ample evidence of probable cause. (M&R (DE 30) at 9–14; Order (DE 42)). There is no constitutional obligation for counsel to raise meritless or already-rejected arguments. See United States v. Terry, 366 F.3d 312, 315 (4th Cir. 2004). Petitioner also fails to identify any viable basis for further suppression challenges that counsel should have pursued.

As to sentencing, counsel secured a favorable outcome: after petitioner's career offender predicate was vacated, the court resentenced him to time served. (Am. J. (DE 252); Resentencing Tr. (DE 259)). Petitioner suggests counsel should have challenged drug weight calculations or reargued factual enhancements, but he fails to identify any inaccurate information that would have resulted in a different outcome. See Terry, 366 F.3d at 316. Moreover, any alleged sentencing

10

error was mooted by the court's decision to grant § 2255 relief and impose a time-served sentence, rendering further argument academic.

Finally, petitioner does not establish prejudice under Strickland. He does not allege that but for counsel's performance, he would have proceeded to trial rather than pleading guilty, nor does he identify evidence suggesting a reasonable probability of acquittal or a more favorable result. His generalized dissatisfaction with case strategy does not overcome the strong presumption of competence. See United States v. Cronic, 466 U.S. 648, 658 (1984); Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.").

Moreover, because petitioner entered a valid guilty plea, any claim of ineffective assistance must also overcome the procedural bar that such a plea imposes. Specifically, petitioner must demonstrate that counsel's alleged errors rendered his plea involuntary or unknowing in order for the claim to proceed. See Tollett, 411 U.S. at 267; Moussaoui, 591 F.3d at 279. Petitioner has not made this showing.

Accordingly, petitioner's ineffective assistance claims fail under both prongs of the Strickland standard.

5. Evidentiary Hearing and Conclusory Relief

Petitioner requests an evidentiary hearing in support of his motion. However, no hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); see also Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). A hearing is warranted only when a petitioner advances specific, credible allegations that, if true, would entitle him to relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), overruled on other grounds by Gray v. Netherland, 518 U.S. 152 (1996).

Here, the record thoroughly addresses the legal and factual underpinnings of petitioner's

claims. His allegations are either conclusory, speculative, or contradicted by the existing record. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (affirming dismissal where claims relied on "vague and conclusory allegations"). Petitioner has not presented any newly developed evidence that materially undermines the affidavit's validity, implicates a constitutional violation, or overcomes the procedural bar of his guilty plea. Accordingly, his request for an evidentiary hearing is denied.

C. Certificate of Appealability

Petitioner has not made a substantial showing of the denial of a constitutional right, nor has he demonstrated that reasonable jurists would find the court's procedural rulings debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the foregoing, upon de novo review of the M&R, and after due consideration of the record, the court overrules defendant's objections and ADOPTS the M&R. The government's motion to dismiss (DE 282) is GRANTED. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (DE 272, DE 275) is DISMISSED.

SO ORDERED, this the 27th day of August, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge